868 F.2d 1278
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael LONG, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1059.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1989.
Rehearing Denied March 10, 1989.
Suggestion for Rehearing In Banc Declined March 27, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 This pro se appellant, who unsuccessfully contested his discharge on February 29, 1980, from the United States Air Force before the Air Force Board for Correction of Military Records (AFBCMR) and the United States Claims Court, now appeals and seeks reversals of both decisions, restoration to active duty, back pay, and correction of his records. We affirm the judgment of the Claims Court (Bruggink, J.) and agree with its unpublished opinion.
 
 OPINION
 
 2
 The appellant and the government filed motions for summary judgment with the Claims Court. Appellant's motion was denied and the government's motion was granted. The Claims Court, upon review of the motions, the record upon which the AFBCMR reached its decision, and such countervailing evidence as was permitted by discovery, found that this officer who had an honorable military career had not met his burden of demonstrating through clear and convincing evidence that the AFBCMR decision was arbitrary, capricious, unsupported by substantial evidence or contrary to law. We agree.
 
 
 3
 Appellant was dismissed because he was twice passed over for promotion. There is no dispute that this was required by statute at the time. The passovers came about as a result of certain officer effectiveness reports (OERs) which when noted by the selection boards kept him from being eligible for promotion because he was no longer competitive with his peers. In essence, his complaint is that the OERs were defective because they were arrived at by bias and prejudice, that they misrepresented his performance during the rating periods in question, and that the officers who rated him were incompetent.
 
 
 4
 An advisory opinion to the AFBCMR by the Air Force staff in Personnel stated, however, that appellant would not have been competitive with his peers even on the assumption that the OERs were removed. Upon analysis, the AFBCMR accepted this statement as true. While appellant's OERs had been above average, there was a period during which he was distracted by personal problems and emotional illness, during which time his efficiency was temporarily but adversely affected, as reflected in his OERs. The court found this to be relevant evidence and found that appellant had not produced credible evidence to support his broad, sweeping allegations of impropriety on the part of the raters.
 
 
 5
 It would serve no useful purpose to repeat all of appellant's arguments in detail and why the Claims Court found them wanting. That court buttressed its opinion with citations to well-settled legal precedents which restrict its authority to review and to second-guess subjective judgments by the military authorities on matters entrusted to them by law. We have reexamined those authorities and find them applicable to this case. The court found no legal or material factual error in appellant's record before the AFBCMR and further found that substantial evidence supported the board's decision not to invalidate the challenged OERs which were prepared pursuant to applicable regulations. The findings of the Claims Court are not clearly erroneous, and its holding that appellant failed to demonstrate legal error in his personnel record is dispositive of his claim that he was unlawfully discharged.